quinn emanuel  trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

# MEMO ENDORSED.

WRITER'S DIRECT DIAL NO.
**(212) 849-7559**

WRITER'S EMAIL ADDRESS
mishaboutilier@quinnemanuel.com

September 20, 2023

Application **DENIED**. *See* Fed. R. Civ. P. 5.2.

**SO ORDERED**.

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 20D
New York, NY 10007

_____
Ona T. Wang            10/18/23
U.S.M.J.

Re:   *Bizelia et al. v. Clinton Towers Housing, Inc. et al.*, 1:20-cv-08065-JPC-OTW (S.D.N.Y.)

Dear Judge Wang:

In connection with the joint discovery pre-conference letter filed on September 20, 2023, Plaintiffs Jack Bizelia, Anahit Matevosyan, and Hripsime Harutyunyan ("Plaintiffs") and Defendants Clinton Towers Housing, Inc. and P&L Management and Consulting, Inc. ("Defendants") respectfully request leave to file two exhibits under seal pursuant to Section 9 of the Stipulation and Protective Order (the "Protective Order," Dkt. 81) and Individual Rule IV(a) of the Court's Individual Practices in Civil Cases. Specifically, the parties seek to seal the following exhibits, each filed in connection with the parties' joint discovery pre-conference letter:

Exhibit 2: Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories to Plaintiffs, which Plaintiffs have designated as "Confidential."

Exhibit 3: Document produced by Defendants with Bates numbers CT_001235, which Defendants have designated "Confidential."

Exhibit 2 and 3 include material that has been designated Confidential under the Protective Order in this case. The Protective Order permits the parties to designate certain categories of sensitive information produced in the course of discovery as "Confidential." Protective Order § 1. The Protective Order further requires that "[t]he parties shall follow the Court's procedures with respect to filing under seal." *Id.* § 9.

Sealing is necessary because the filings contain sensitive personal information of Plaintiffs and one Defendant representative, including personal emails, a personal address, and the names of

quinn emanuel urquhart & sullivan, llp
12152-00001/14359323.1
ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

medical providers, the disclosure of which could jeopardize the safety of the persons whom it concerns.  *See*, *e.g.*, *Anderson v. New York City Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) ("home addresses, [and] personal … email addresses" could be sealed because "this is precisely the type of personal information that could give rise to an enhanced risk of prejudice"); *Molina v. Brann*, 2022 WL 18144068, at *7 (S.D.N.Y. Dec. 16, 2022) ("[P]arties have a strong privacy interest in their medical information.").

      These strong interests overcome the ordinary "presumption of access," which "is entitled only to modest weight" here, "because the document[s] at issue w[ere] submitted in connection with a [] discovery [dispute], rather than a dispositive motion, and because resolution of that discovery [dispute] does not require the Court to analyze the merits of the parties' claims or defenses."  *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016) (citations omitted).  This is unlike the situation in *Lugosch v. Pyramid Co. of Onondaga* and *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, where the Court found that the merits documents such as complaints and summary judgment motions were entitled to a strong presumption of access.  *See Lugosch*, 435 F.3d 110, 121-23 (2d Cir. 2006) (strong presumption of access attached to summary judgment filings); *Bernstein,* 814 F.3d 132, 139 (2d Cir. 2016) (strong presumption of access attached to the complaint because it "is the cornerstone of every case").

      Accordingly, the parties request leave to file Exhibits 2 and 3 to the joint pre-conference letter under seal.

Respectfully submitted,

By: */s/ Misha Boutilier*
Marc-André Cyr
Misha Boutilier
Temi Omilabu
Jack Robbins
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
marcandrecyr@quinnemanuel.com
mishaboutilier@quinnemanuel.com
temiomilabu@quinnemanuel.com
jackrobbins@quinnemanuel.com
*Limited Scope Pro Bono Counsel for Plaintiffs*

By: */s/ Tamika Hardy*
Tamika N. Hardy
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-0926
tamika.hardy@rivkin.com
*Attorney for Defendants*