UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JACK BIZELIA, et. al.,

                                Plaintiffs,                20-CV-8065 (JPC) (OTW)

                -against-                     **OPINION AND ORDER**

CLINTON TOWERS MANAGEMENT, et al.,

                           Defendants.

---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF Nos. 140, 141, 143, and 144. For the following reasons, the Clerk's Certificate of Default (ECF 142) is **VACATED**. Defendants' time to obtain counsel is **EXTENDED** *nunc pro tunc* to **November 21, 2023**.

## I.    BACKGROUND

Plaintiffs filed this action, *pro se*,[1] on September 29, 2020. (ECF 2). Defendants appeared, represented by counsel Rivkin Radler LLP, by filing their answer on March 23, 2021. (ECF 20). Plaintiffs filed an amended complaint on October 26, 2021 (ECF 44), which Defendants answered on June 22, 2022. (ECF 57). On September 21, 2023, the Court held a status conference regarding Defense counsel's motion to withdraw. (*See* ECF Nos. 130 and 131). Ultimately, I granted Defense counsel's motion to withdraw as counsel on October 18, 2023, and stayed all proceedings for 30 days to allow time for Defendants to seek alternative or pro bono counsel. (ECF 138). On November 21, 2023, Plaintiffs' pro bono counsel, Quinn Emanuel,

---

[1] Plaintiffs' pro bono counsel, Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel"), filed a notice of limited appearance on May 18, 2023. (ECF 90).

moved for an entry of default pursuant to Fed. R. Civ. P. 55(a), without first seeking to strike

Defendants' answer. (*See* ECF Nos. 57, 140, and 141). The Clerk of Court entered a Certificate of

Default the same day. (ECF 142). Hours after Plaintiffs' counsel filed their request for an entry

of default and the Clerk entered the Certificate of Default, new pro bono counsel filed a notice

of appearance. (ECF 144).

## II.   LEGAL STANDARD

Where, as here, the Clerk of Court has entered a Certificate of Default, but no default

judgment has yet been entered, the Court decides a motion to vacate the entry of default

pursuant to the "good cause" standard under Fed. R. Civ. P. 55(c), which is more lenient than

the standard to set aside a default judgment under Rule 60(b). *See Atl. Pac. Lines, Inc. v. N. Am.*

*Cargo, Inc.*, No. 19-CV-8037 (GBD) (SDA), 2021 WL 5853327, at *2–3 (S.D.N.Y. Dec. 9, 2021); *see*

*Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of

a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting

aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts

consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and

(3) "the level of prejudice that the non-defaulting party may suffer should relief be granted."

*Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable

factors may also be considered, for instance, whether the failure to follow a rule of procedure

was a mistake made in good faith and whether the entry of default would bring about a harsh

or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "It is well

established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

### III.    ANALYSIS

Applying the relevant equitable factors, the Court finds good cause to vacate the entry of default. Defendants' default was not "willful." Defendants sought to find alternative or pro bono counsel to represent them in this case. There is no evidence that Defendants acted in bad faith, and new Defense counsel filed a notice of appearance the same day as the entry of default. A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-5346 (KMW) (KNF), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996)). Courts should "resolve any doubt about [a defendant's] willfulness in [its] favor." *Raheim v. New York City Health and Hosps. Corp.*, No. 96-CV-01045 (JFB) (CPP), 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Enron*, 10 F.3d at 98). Further, Plaintiffs will not be significantly prejudiced by vacating the Clerk's Certificate of Default. Plaintiffs moved swiftly towards default noting that "Defendants failed to obtain new counsel within 30 days of the Court's October 18, 2023 order and are therefore in default and have failed to defend the action." Plaintiffs' counsel's declaration in support of its entry of

default (ECF 141), failed to mention any hardship caused by the delay, nor any attempts to notify Defendants regarding this delay or seek information regarding appointment of new defense counsel. In this instance, default would result in a harsh and unfair result for Defendants.

### IV.    CONCLUSION

For the foregoing reasons, the Clerk's Certificate of Default (ECF 142) is **VACATED**. Defendants' time to obtain counsel is **EXTENTED** *nunc pro tunc* to November 21, 2023. This case is no longer stayed. The parties should proceed with discovery.

The Court will hold a status conference in this matter on **Wednesday, December 20, 2023 at 11:30 a.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007. The parties are directed to file a joint proposed conference agenda **by Monday, December 18, 2023**.

**SO ORDERED.**

_/s/ Ona T. Wang_

Dated: November 29, 2023                                              **Ona T. Wang**
      New York, NY                                        United States Magistrate Judge

4