**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

JACK BIZELIA, et. al.,

                Plaintiffs,        20-CV-8065 (JPC) (OTW)

      -against-        **OPINION AND ORDER**

CLINTON TOWERS MANAGEMENT, et al.,

                Defendants.

-----------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

I. **INTRODUCTION**

Plaintiffs commenced this action on September 29, 2020, alleging disability discrimination in violation of the Fair Housing Act. (*See* ECF Nos. 2, 54 at 1). On May 21, 2024, Plaintiffs issued and served a deposition subpoena to non-party Tonya Blaine ("**Ms. Blaine**"). (ECF 180-1) (the "**Subpoena**"). Ms. Blaine is alleged to have been Defendants' site manager at the relevant time and is also the individual who allegedly provided and received documents and information in connection with Plaintiffs' request to transfer to a larger apartment. (ECF 44 at ¶¶ 17, 18, 39–48, 55). Ms. Blaine failed to appear for her deposition, noticed for June 5, 2025. (*See generally* ECF Nos. 180, 180-3, 180-5).

On August 16, 2024, Plaintiffs filed the instant motion seeking, *inter alia*, an order compelling Ms. Blaine to comply with the Subpoena, and, specifically to appear on November 5, 2024. (ECF Nos, 179, 180, 181) (the "**Motion**")).

For the reasons stated below, Plaintiffs' motion is **GRANTED**.

## II. BACKGROUND

On May 22, 2024, Plaintiffs served Ms. Blaine with the Subpoena, requiring her to appear for an in-person deposition at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, at 51 Madison Avenue, 22nd Floor, New York, New York, 10010, on June 5, 2024. (ECF Nos. 180 at ¶ 5, 184-2). Ms. Blaine did not appear, although counsel for both Plaintiffs and Defendants did. (ECF 180-3). After Ms. Blaine's non-appearance, Plaintiffs' counsel attempted to contact her to reschedule her deposition but received no response. (ECF Nos. 180 at ¶ 8, 180-5).

On July 24, 2024, Plaintiffs requested a pre-motion conference to discuss their planned motion to compel Ms. Blaine's compliance with the Subpoena. (ECF 175). On August 1, 2024, the Court issued a briefing schedule, directing Plaintiffs to file their Motion by August 30, 2024, and directing Defendants and Ms. Blaine each to file their respective oppositions, if any, by September 30, 2024. (ECF 177). Plaintiffs filed their Motion on August 16, 2024, seeking an order compelling Ms. Blaine to comply with the Subpoena, and, specifically to appear on November 5, 2024. (ECF Nos, 179, 180, 181). Ms. Blaine was served with the briefing schedule and Plaintiffs' motion on August 8, 2024 (ECF 178-1) and August 16, 2024 (ECF 179 at 3), respectively. Defendants have not opposed the motion, and Ms. Blaine has neither appeared nor responded to the motion. (*See* ECF 177). *See generally* Docket. On October 4, 2024, noticing an error in the subpoena referenced in Plaintiffs' motion, the Court directed Plaintiffs to refile all affidavits of service reflecting service of the Subpoena on Ms. Blaine by October 8, 2024 (ECF 183), which Plaintiffs have done (ECF 184).

III. DISCUSSION

Rule 45(a)(3) permits an attorney to issue and sign a subpoena. Fed. R. Civ. P. 45(a)(3). "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served under Rule 45(a)(3) "operate as enforceable mandates of the court on whose behalf they are served." *In re Kingdom of Morocco*, M8-85 (KMW), 2009 WL 1059786, at *2 n.4 (S.D.N.Y. 2009) (citing *Beruashvili v. Hobart Corp.*, 05-CV-1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. 2006)).

Motions to compel compliance with discovery requests are "entrusted to the sound discretion of the [district] court." *Cerco Bridge Loans 6 LLC v. Schenker*, 23-CV-11093 (DEH), 2024 WL 4165128, at *2 (S.D.N.Y. 2024) (quoting *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)). Accordingly, a district court may enforce a non-party subpoena where (1) the court has personal jurisdiction over the non-party and (2) the information sought in the subpoena is relevant and material to the case. *See Gonzalez v. Speedway LLC*, 23-CV-221 (MMG) (SLC) 2024 WL 1075328 at *1 (S.D.N.Y. 2024); *Broumand v. Joseph*, 522 F. Supp. 3d 8, 14 (S.D.N.Y. 2021) (citing *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014)).

Personal jurisdiction is established by proper service of the target. *See In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) (citing *Burnham v. Superior Court of California*, 495 U.S. 604 (1990) (plurality opinion); *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 20 (2d Cir. 1998); *Kadic v. Karadzic*, 70 F.3d 232, 246–47 (2d Cir. 1995)). Proper service entails delivery of the subpoena that is reasonably designed to ensure actual receipt of the subpoena by the witness, though not necessarily personal service. *Mizrahi v. Equifax Info. Servs., LLC*, 345 F.R.D.

392, 396 (E.D.N.Y. 2024). *See Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017) ("Rule 45's language 'neither requires in-hand service nor prohibits alternative means of service.'") (collecting cases).

A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s "overriding relevance requirement." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (citing *During v. City Univ. of N.Y.*, 05-CV-6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. 2006)). The party issuing the subpoena must demonstrate that the information sought is relevant to the parties' claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *Gonzalez*, 2024 WL 1075328, at *1 (citing *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, 22-CV-2893 (GRB) (JMW), 2023 WL 1967575, at *4 (E.D.N.Y. 2023)). *See generally State Farm Mut. Auto. Ins. Co. v. Fayda*, 14-CV-9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. 2015), *aff'd*, 2016 WL 4530890 (S.D.N.Y. 2016).

Facts demonstrating that the non-party "has not responded to [subsequent] efforts to procure compliance" weigh in favor of enforcing a subpoena. *Freund v. Weinstein*, 08-CV-1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. 2009). *See Gov't Emps. Ins. Co.*, 2023 WL 1967575, at *5.

Here, the Court finds that the Subpoena is enforceable because it was properly served on Ms. Blaine and because it seeks deposition testimony that is relevant and material to this case.

Having examined the affidavits of service of the Subpoena (ECF 184-2) and counsel's correspondence with Ms. Blaine (ECF Nos. 180-4, 180-5), the Court finds that the Subpoena is valid and was properly served on Ms. Blaine. *Gonzalez*, 2024 WL 1075328 at *2 (collecting

cases). Plaintiffs served Ms. Blaine with the subpoena at issue at least twice[1]: first, on May 22, 2024, by delivering a copy to Ms. Blaine's residence and leaving it with the occupant, who refused her name but accepted service (ECF 184-2); and second, on June 24, 2024, by email, following Ms. Blaine's non-appearance at her deposition (ECF Nos. 180-4, 180-5). These methods of service were reasonably designed to ensure Ms. Blaine's actual receipt of the Subpoena and therefore comport with Rule 45. *See Mizrahi*, 345 F.R.D. at 396; *Sec. & Exch. Comm'n*, 322 F.R.D. at 453.

The Court also finds that the Subpoena seeks deposition testimony that is relevant and proportional to this case. Ms. Blaine is alleged to be an eyewitness and participant to the events that form the claims. (ECF 181 at 1–2). (*See also* ECF 44 at ¶¶ 17, 18, 39–48, 55). Indeed, as the individual who handled the documents and information relating to Plaintiffs' request for a transfer—a core allegation in this action—her deposition testimony falls well within the proportionality requirement. Thus, the information sought in the Subpoena meets the relevance threshold of Rule 26. *Gonzalez*, 2024 WL 1075328 at *2.

Notwithstanding the validity of the Subpoena, Ms. Blaine did not comply with the Subpoena and did not appear for deposition on June 5, 2024, or otherwise communicate with counsel. Ms. Blaine also did not appear and oppose the Motion, despite being served with the Motion and the Court's August 1 Order setting the briefing schedule (ECF 177); nor has she responded to Plaintiffs' counsel's email attempt to reschedule her deposition (ECF Nos. 180,

---

[1] Plaintiffs also appear to have served Ms. Blaine with a subpoena on January 4, 2024, by delivering a copy to Ms. Blaine's residence and leaving it with Ms. Blaine's cousin, (Ann Blaine), but this appears to be an affidavit of service for a different subpoena. (*See* ECF Nos. 180-2, 184-1).

181).  Accordingly, Ms. Blaine will be compelled to appear for her deposition, and failure to do so may subject her to sanctions for violating a court order.  *See Gonzalez*, 2024 WL 1075328 at *2 (collecting cases).

IV.    **CONCLUSION**

Plaintiffs' Motion is **GRANTED**, and Ms. Blaine is hereby **ORDERED** to comply with the Subpoena.  She must promptly, in no event later than **October 31, 2024**, contact Plaintiffs' counsel by phone or email to inform them whether she will appear on **November 5, 2024,**[2] **or to arrange a mutually convenient date** for her to sit for her deposition, which shall occur **no later than November 8, 2024**.  The parties are directed to file a joint discovery status letter by **November 12, 2024**.

**MS. BLAINE IS WARNED THAT IF SHE FAILS TO COMPLY WITH THIS ORDER AND THE SUBPOENA, SHE MAY BE FOUND IN CONTEMPT OF THIS ORDER AND SANCTIONS MAY BE ASSESSED AGAINST HER.**

By **October 11, 2024**, Plaintiffs shall serve a copy of this Order on Ms. Blaine and file proof of service.

**SO ORDERED.**

Dated: October 9, 2024
      New York, New York

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

---

[2] November 5, 2024, is Election Day.  Schools and Courts, at a minimum, are closed.  Thus, the Court declines to require Ms. Blaine to sit for her deposition on November 5.